## Evans v. Nesbitt Memorial Hospital

*Nicholas Noel,* for plaintiffs.
*Joseph A. Murphy,* for defendant.

STEVENS, *J.,* November 22, 1993—

### FACTS

Plaintiff filed the within action seeking recovery for an incident at defendant Nesbitt Memorial Hospital on September 10, 1987, in which plaintiff Angela Evans's wrist was scratched by a needle which had just been used to draw blood from a patient who was afflicted with the Acquired Immune Deficiency Syndrome.

Through the discovery process it established that plaintiff Angela Evans was tested for the AIDS antibody on various dates, including September 10, 1987; November 30, 1987; March 8, 1988; August 1, 1989 and January 8, 1991. The result of each test proved "negative."

Defendant filed a motion for summary judgment on July 29, 1993. Briefs were submitted and oral argument was heard.

## DISCUSSION

Pennsylvania Rules of Civil Procedure 1035 provides in relevant part:

"Summary judgment shall be entered:...

"if the pleadings, depositions, answers to interrogatories, and admissions of file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

"Pa.R.C.P. 1035(b), 'The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.' *Marks v. Tasman,* 527 Pa. 132, [135,] 589 A.2d 205, 206 (1991). Summary judgment may be entered only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.,* 522 Pa. 367, 369, 562 A.2d 279, 280 (1989)."

In the instant case plaintiff was exposed to the AIDS virus but has not tested positive for any sign of infection by the AIDS virus since her exposure. The gravamen of plaintiffs' complaint is the fear of developing the AIDS virus as a result of the exposure to the AIDS virus.

As in *Lubowitz v. Albert Einstein Medical Center,* 424 Pa. Super. 468, 623 A.2d 3 (1993), it is undisputed that plaintiff Angela Evans has never tested positive for the AIDS antibody. In *Lubowitz* the court considered whether fear of AIDS "... is a compensable injury" in Pennsylvania, and the court concluded that monetary damages for a risk or fear for developing AIDS in the future is "not enough" to justify a cause of action.

As the court stated in *Lubowitz:*

"Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Pa.R.Civ.P.1035(b). When ruling on a motion for summary judgment, the trial court must examine the record in the light most favorable to the non-moving party, resolving all doubts against the movant ..." See *Lubowitz, supra,* at 470, 623 A.2d at 4.

This court finds *Lubowitz, supra,* to be controlling in the within case. Accordingly, the court finds that monetary damages for a risk or fear of developing AIDS in the future is not compensable, and as a matter of law defendant's motion for summary judgment must be granted.

### ORDER

Defendant's motion for summary judgment is hereby granted;

The prothonotary of Luzerne County is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.